W. P. BIDDLE, TRUSTEE V. GARDNER E. PHIPPS ET AL.

1. APPEAL BY ASSIGNEE OF AN INSOLVENT ESTATE HAVING A PERSONAL CLAIM AGAINST
   THE ESTATE.
   An assignee of an insolvent estate having a *personal* claim against the estate, cannot
      appeal from a judgment against him in the probate court without giving bond. Such
      appeal is not in the intent of the trust.

2. TRUSTEE OF INSOLVENT ESTATE CANNOT RECOVER INDIVIDUAL CLAIMS OF HIS
   PREDECESSOR.
   A trustee of an insolvent estate can not recover individual claims of his deceased
      predecessor.

ERROR to the Court of Common Pleas of Hamilton county.

Cox, J.

The defendant in error held a mortgage on property assigned by Ware. The
present trustee succeeded A. A. Clerke, assignee, deceased. Clerke continued
the business of the assignor for a time after the assignment was made, and in so
doing lost money. In continuing the business he advanced money of his own,
and took a mortgage on the property to secure himself. The probate court held
that the Phipps mortgage was prior to the claim of Clerke for advances made by
him in continuing the business and attorney's fees. Clerke took an appeal, but
died before executing a bond. The common pleas court thereupon decided
that as the action was for the benefit of Clerke, individually, and not for the
benefit of the trust, before the appeal could be perfected, he should have given a
bond, and dismissed the appeal.

*Held*, that under sec. 6408 Rev. Stat., a bond for appeal must be given
unless the appeal be in the interest of a trust, and that the common pleas court
decided correctly that the action at bar was not for the benefit of the trust, but
for the benefit of Clerke individually.

Judgment affirmed.

A second case between the same parties presented the same state of facts,
except that in this case Clerke executed a bond before his decease, but failed to
file the transcript in the common pleas court. This omission was corrected, as it
was supposed, by the filing of the transcript by Mr. Biddle, Mr. Clerke's succes-
sor in the management of the Ware trust.

*Held*, that Biddle has no right of recovery, and hence acted without authority
in the filing of the transcript. By sec. 6409 Rev. Stat., it is made the duty of the
person appealing to file the appeal in the court of common pleas. Possibly the
personal representative of Clerke would have a right to file it, but certainly no
such right attaches to his successor in the administration of the trust. Still
another reason why Biddle could not recover was that he had never been substi-
tuted as the plaintiff in the case.

L. S. Cotton and E. P. Bradstreet, for the plaintiff.
Wm. Worthington, for the defendant.